## HUNT v. ALLEN.

In an action on a bail bond, it is not necessary to aver in the declaration, that an affidavit of the cause of action had been made and filed before issuing the *capias* in the suit in which the bond was given. And if. the declaration contains no such averment, a plea that no such affidavit had been made and filed is bad.

This was an action originally brought in Salem county Circuit Court by William A. Allen, the defendant in error, against J. W. Hiles, G. B. Kaighn, W. S. Kaighn, and Jacob Hunt, the defendants in error, on a bail bond which W. S. Kaighn and Hunt had executed as sureties for Hiles and G. B. Kaighn, arrested on a *capias* at the suit of Allen. The bail bond was assigned by the sheriff to Allen, the plaintiff, who declared upon it against all four obligors, without averring that any affidavit of the cause of action had been made and filed before issuing the *capias*. The defendants jointly pleaded—

1. *Non est factum.*

And 2. And for a further plea in this behalf, the said John W. Hiles, George B. Kaighn, William S. Kaighn, and Jacob Hunt, by leave of the court here, for this purpose first had and obtained, according to the form of the statute in such case made and provided, say that the said Samuel A. Allen ought not to have or maintain his aforesaid action thereof against them, because, they say, before the issuing out of the said writ of *capias*, there was not " *an affidavit made and filed of the cause of action* " of said plaintiff against the said John

W. Hiles and George B. Kaighn, and upon and for which they were arrested and held to bail as aforesaid, according to the statute in such case made and provided : and this the defendants are ready to verify, wherefore they pray judgment if the said Samuel A. Allen ought to have or maintain his aforesaid action thereof against them, &c.

The plaintiff demurred generally to the second plea, and the case was submitted at the February circuit; and at May term, 1849, the demurrer was sustained, and judgment entered for the plaintiff.

The plea of *non est factum* being withdrawn by consent, Hunt, one of the defendants, obtained a rule for that purpose, and alone brought a writ of error to the Supreme Court. The Supreme Court affirmed the judgment of Salem Circuit Court. The Supreme Court* affirmed the judgment of Salem Circuit Court sustaining the demurrer, whereupon the judgment of the Supreme Court was brought up into this court by writ of error to review the question there decided. .

Argued by *Vroom*, for plaintiff in error. *Allen*, defendant in error, *pro se.*

*Vroom*, for plaintiff.

I. The only question is upon the plea ; we shall show that it is good ; that bail may plead no affidavit in the original suit.

There *must* be such affidavit made and filed. *Rev. Stat.* 950, § 1. Statute is imperative, and not directory, like an appeal bond.

This is doing nothing on the part of the bail but what defendant could have done. 1 *Saund. Pl. and Ev.* 195. If defendant plead no affidavit filed, plaintiff must produce office copy. 1 *Chit. Pl.* 486 (8*th Amer. ed.*)

It need not be stated in the declaration (2 *Chit. Pl.* 447), but must be taken advantage of by plea. 3 *Chit. Pl.* 979 gives form of plea. *Chitty's Precedents* 446 ; *Sayer's R.* 116 ; 1 *Sell.* 179.

In proceedings against bail the law favors exceptions. 18

*2 *Zab.* 533.

*Eng. Com. Law Rep.* 434; 2 *Chit.* 264, *Everitt et al.* v. *Forman;* 1 *Tidd's Pr.* 638.

In *Robeson* v. *Thompson,* 4 *Halst.* 98, bail was discharged after trial and indictment against principal for variance between affidavit and declaration. 1 *Green* 209, *Boggs* v. *Chichester;* 6 *Halst.* 196, *Champion* v. *Pierce;* 2 *Wils.* 225; 7 *Term R.* 375, *Norton* v. *Danvers;* 1 *Arch Pr.* 57; 2 *Harr.* 447; 3 *Harr.* 9; 13 *Mass.* 93.

II. He should have sued as assignee; the writ is general, declaration special. *Rev. Stat.* 934.

The judgment for costs is in blank and erroneous. 4 *Halst.* 248; 7 *Halst.* 331 and 367; 3 *Harr.* 207.

| *Allen,* for defendant in error.

In this case there was an affidavit filed, but not a proper affidavit.

The provision of *Rev. Stat.* 950, § 12, is virtually the same as 12 *Geo.* I.

The defendant himself cannot object after putting in bail. Bail have never been allowed to take advantage of such defects; it is a privilege personal to the defendant, and he cannot do it, except in the original suit, by motion. 1 *Burr.* 330; 1 *East* 81; 1 *Saund. Pl. and Ev.* 191 and 195.

The CHIEF JUSTICE delivered the opinion of the court.

To an action upon a bail bond, the defendants pleaded that there was not "an affidavit made and filed of the cause of action" before the issuing of the writ of *capias,* by virtue of which the defendants in the original suit were arrested and held to bail. The defendants do not deny the making of the bond, nor that the condition of the bond was forfeited. Their plea is, that the bond cannot be enforced because the proceeding in the original action was illegal. The only question now presented for consideration is, can that defence be set up by way of plea to an action on the bond. This question resolves itself into another, *viz.,* is the bond *void* by reason of that illegality. If it is, then and then only, is the plea good.

It is admitted that the arrest in the original action was illegal The defendant in that suit might have been discharged

upon filing common bail; or upon timely application by the bail for that purpose, the bail bond would have been ordered to be given up to be cancelled. But the question is, where the defendant in the original suit has failed to appear or to except to the validity of the arrest, and the bail have failed to fulfil the condition of the bond, and to apply to the court for relief, whether the illegality of the arrest can be *pleaded in avoidance* of the bond.

It seems, at first view, reasonable to conclude that if a statute expressly requires an act to be done before the *capias* is issued, if the act be not done, the *capias* and all the proceedings under it, are not only voidable, but void. But the law has been long and well settled, that however irregular the proceeding may be for lack of the requisite affidavit, the *capias* is not therefore *void;* and the reason assigned is, that the power of arrest emanates not from the affiadvit but from the *capias.*

In *Arundel* v. *White,* 14 *East* 225, Lord Ellenborough thus clearly states the office of the statute 12 *George* I., of which ours is a copy : " All that the statute requires, as to the affidavit, is restrictive of the plaintiff's right to arrest by virtue of the plaint ; it does not give the power of arrest. That power emanates from the plaint, and the statute only restrains the exercise of it till the affidavit is made. Long antecedent to the statute, the arrest was made upon the plaint levied before any affidavit."

That the *capias* is not held to be *void* by reason of a defective affidavit, is apparent from the fact, that the practice of the court, where the defendant himself applies for relief on the ground that the affidavit is not in compliance with the statute, is not to quash the *capias,* and discharge the action, but to discharge the defendant from custody upon entering an appearance or filing common bail. The suit continues, which could not be if the *capias* was void. 1 *Arch. Prac.* 58 ; *Tidd's Prac.* 165 ; *Impey's Prac. K. B.* 112.

That there was *no* writ or process, is a good plea by the bail. So that the original writ was *void,* has been held a good plea. Because, in either case, there was no suit pending in

which a bail bond could be given.    3 *Chit. Pl.* (ed. 1837) 979 ;
1 *Str.* 399, *Miles* v. *Bond;* 1 *Esp. N. P.* 206.

But if there was an action pending, in which the bail bond
might have been given, although the arrest was illegal or al-
though the defendant was never arrested, the bail in an action
upon the bail bond cannot avail themselves of the defence.    In
*Watkyns* v. *Parry*, 1 *Stran.* 444, it was held that bail could not
traverse the arrest of their principal ; and the same point was
ruled in *Bean* v. *Parker*, 17 *Mass.* 600.

This point was directly decided upon the construction of the
English statute, 12 *George* I., in the case of *Wiskard* v. *Wil-
der*, 1 *Burr.* 430.    Lord Mansfield, in that case, said, the affi-
davit does not appear to be an essential requisite to the valid-
ity of the bail bond, nor in the nature of a condition precedent
to it ; but, on the contrary, the statute appears to be only di-
rectory to the sheriff.    So that though the sheriff may be him-
self answerable for such an omission, yet *the bond is not void.*
Mr. Justice Denison said, the act does not make the proceed-
ings *void* in case the defendant be arrested without affidavit
and marking the sum sworn to upon the back of the writ.    It
only prohibits the sheriff and plaintiff from doing it.    They
may, indeed, be liable to an action for it, *but it does not make
the bail bond void.*    Mr. Justice Foster concurred.    He said,
the act is only directory.    It *does not make the process void.*
And if the fact was so that there was *no affidavit*, the de-
fendant might have been relieved in a much easier method by
applying to the courts or to a judge to be discharged upon com-
mon bail.

This was the unanimous decision of a very enlightened
bench upon the very question involved in this case.    The de-
cision was made upon the form of pleading, but it turned upon
the question whether the bail bond was or was not void.    That
was the question discussed by counsel and decided by the
court.    That decision was made in 1757.    It has stood for
nearly a century the acknowledged rule of law.    True, it has
been questioned, (and what legal principle has not ?) but it has
never been overruled.

There are, doubtless, to be found in the books precedents of

pleas setting up the fact that no affidavit was made and filed in the original action, as set forth in the plaintiff's declaration. 3 *Chit. Pl. (ed.* 1837) 979.

But in all such cases it is apprehended the plea is sustained, not upon the ground that the bond is void for defect of the affidavit, but because the plaintiff, by needlessly averring the fact in his declaration, has made it material, and may be put to the proof of it.

In *Wilcoxon* v. *Nightingale,* 4 *Bing.* 501, the defendant demurred to a declaration against the sheriff for an escape, " because it was not averred that the writ was endorsed for bail by virtue of an affidavit of the cause of action, made and filed of record." Park, J., on overruling the demurrer, said— " The precedents are both ways. If the filing of the affidavit be stated, the courts hold that it must be proved, but it is not necessary to state it." The same principle is contained in *Webb* v. *Herne,* 1 *Bos. & Pul.* 281; *Arundel* v. *White,* 14 *East* 223.

It is an elementary rule of pleading, that every fact material to the cause must be averred in the declaration, and proved upon the trial. But it has never been held necessary, either in an action against the sheriff for an escape or in an action upon the bail bond, to aver that an affidavit of the cause of action was made and filed in the original suit. Nor will the plaintiff be required to prove such fact upon the trial, unless it be rendered necessary by a needless averment in the plaintiff's declaration.

The court, in *Whiskard* v. *Wilder,* held that the English statute in regard to bail was directory only ; that if its provisions were not complied with the party aggrieved could have redress, but that it did not avoid the bond. This appears to be the only rational construction of the statute. The statute of this state respecting bail in civil actions (*Rev. Stat.* 950) requires—1st. That an affidavit shall be made and filed of the cause of action, and specifies the officer before 'whom the affidavit shall be made. 2d. That the sum specified in the affidavit shall be endorsed on the writ. 3d. That for the sum so endorsed the sheriff shall take bail, and no more. And 4th.

That the sheriff shall take no person not a freeholder, no attorney at law, and no person concerned in the execution of process, as bail.

If the plaintiff neglect to make the affidavit, or make it before an improper officer, if the clerk neglect to file the affidavit, if the amount be erroneously endorsed upon the *capias*, or if the sheriff err in taking bail, in either event the requirements of the statute are not complied with. But can these illegalities be pleaded in avoidance of the bail bond? Some of these requirements, it will be conceded, are directory merely, and cannot affect the validity of the bond. Thus it has been held, that if the clerk omit to file the affidavit, the bail bond is not thereby made void. But if the statute be directory only in one of its requirements, it would seem, upon principle, that it must be so in all.

Bail to the action, who are bound for the defendant's appearance after judgment, may take advantage of an illegality, or even an irregularity, in the *capias ad satisfaciendum*, because it is in the nature of notice to them, and therefore they are interested in the proceeding. *Boggs* v. *Chichester*, 1 *Green* 209.

But the bail to the sheriff have no such interest in the original writ. If the objection of the want of an affidavit be available to the bail in an action upon the bail bond, with much more reason it should avail the sheriff in an action against him for an escape. The defence was once attempted in such an action, and Justice Park said the objection was most frivolous, and if admitted would be a disgrace to the law. 4 *Bing.* 501.

The case of an appeal bond, though not precisely analogous, may furnish some aid by way of illustration. The law requires an affidavit as the foundation of an appeal. If there be no affidavit, the appeal is illegally prosecuted, and will be dismissed. If the objection be taken, and the appeal dismissed on this ground, the court will not permit the appeal bond to be taken from the files for prosecution. But if no objection be made to the validity of the appeal by the parties to the suit, and an action be brought upon the appeal bond, can the obligors plead in avoidance that the appeal was illegal for want

of an affidavit? Such a defence, it is apprehended, has never been attempted.

If there be any doubt as to the true construction of the statute, sound policy requires that its provisions should be regarded as *directory*, and that the bail should not be permitted in an action upon the bond to avail themselves of the defence here attempted. Either the defendant in the original action or the bail might have obtained summary relief by timely application to the court. The bail bond would have been cancelled, the defendant admitted to common bail, and the plaintiff permitted to proceed to judgment against the original defendants. Full relief would have been afforded without delay and without costs. But to permit the bail to set up the defence by plea to an action on the bond insures not only a greater amount of costs and expenses, but does the plaintiff an injury which cannot be repaired. Courts have gone far in relieving bail upon terms, but never to the prejudice of the plaintiff in the original action. Had the defendant or the bail availed themselves of this objection in the original action, the bail would have been discharged, but the plaintiff would long since have obtained judgment against the defendant. But by *laches* in making the objection, if it is now suffered to prevail, the original action is lost; the statute of limitations has intervened, and not only are the bail discharged, but the original cause of action is also lost to the plaintiff.

That this objection is now for the first time to prevail after the lapse of a century since the enactment of the statute, is a very persuasive argument against its validity.

The judgment must be affirmed.

*For affirmance*—The CHIEF JUSTICE, and Judges OGDEN, PORTER, SCHENCK, and CORNELISON—5.

*For reversal*—The CHANCELLOR, and Judges RISLEY, WILLS, and VALENTINE—4.

Judgment affirmed.

CITED *in State* v. *Dunn*, 1 *Dutch.* 218.